DLD-347                                                            **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1314
_____

In re:  NEW CENTURY TRS HOLDINGS, INC., et al.,

Debtors

ANITA B. CARR,

Appellant

v.

JP MORGAN CHASE BANK, NA;
CHASE HOME FINANCE, LLC; DOES 1-10
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 1:14-cv-00282)
District Judge:  Honorable Sue L. Robinson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 23, 2015
Before: FISHER, SHWARTZ and GREENBERG, Circuit Judges

(Opinion filed: September 30, 2015)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

After the United States Bankruptcy Court for the District of Delaware dismissed Anita B. Carr's adversary action for lack of subject matter jurisdiction in early February 2014, Carr filed an appeal in the United States District Court for the District of Delaware. When she did not file her designation of items to be included in the record of appeal and her statement of issues to be presented on appeal, Appellees JP Morgan Chase Bank, N.A., and Chase Home Finance, L.L.C., ("the Chase companies") filed a motion to dismiss her appeal for lack of prosecution. Carr responded and filed a motion for an extension of time, citing an unspecified disability since 2001 and an orthopedic problem in February 2014. On May 19, 2014, the District Court denied the motion to dismiss without prejudice to a renewed motion, and granted the extension of time, permitting Carr to file the required documents on or before June 30, 2014, which she did on June 30, 2014.

On August 7, 2014, Carr filed a motion for an extension of time to file her opening brief, explaining that she had surgery on her hand, her hand and arm were in a cast, and she was taking pain medications. In the motion and by an accompanying doctor's note (that indicated that typing was restricted), she asked to be excused from filing until October 13, 2014. On September 17, 2014, the District Court granted the motion (which the Chase companies had opposed) and set a new briefing schedule, with Carr's opening brief due on or before November 10, 2014. The District Court also notified Carr that "FAILURE TO TIMELY FILE APPELLANT BRIEF WILL LEAD TO DISMISSAL OF THE APPEAL." On November 10, 2014, Carr filed a second motion for an extension of time to file her appellate brief. She stated (with the support of an additional doctor's

note) that she underwent surgery in mid-July and that the recovery period is typically three to six months. The Chase companies opposed her motion and filed another motion to dismiss the appeal for failure to prosecute. Carr promptly filed a lengthy response to the motion and a subsequent amendment to her response shortly thereafter.

The District Court denied Carr's second motion for an extension of time, granted the Chase companies' motion to dismiss, and dismissed Carr's appeal after weighing the factors of Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863 (3d Cir. 1984). Carr appeals.

We have jurisdiction to review the District Court's ruling under 28 U.S.C. § 158(d)(1). The District Court had jurisdiction over the matter under 28 U.S.C. § 158(a)(1). Cf. Bullard v. Blue Hills Bank, 135 S. Ct. 1686, 1692-93 (2015) (distinguishing orders dismissing bankruptcy actions from orders denying confirmation without prejudice to the proposal of a new plan).

We review the propriety of the District Court's dismissal of Carr's bankruptcy appeal for abuse of discretion through the lens of the Poulis factors. See In re Jewelcor Inc., 11 F.3d 394, 397 (3d Cir. 1993). Specifically, we consider the District Court's balancing of "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party . . . was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." Emerson v. Thiel Coll., 296 F.3d 184, 190 (3d Cir. 2002) (citing Poulis, 747 F.2d at 868). On

3

consideration of these factors, we conclude that no substantial issue is raised on appeal, so we will summarily affirm the District Court's decision to dismiss the case. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Carr proceeded pro se, so the responsibility for prosecuting her case fell on her. See Briscoe v. Klaus, 538 F.3d 252, 258-59 (3d Cir. 2008) ("[I]t is logical to hold a pro se plaintiff personally responsible for delays in his case because a pro se plaintiff is solely responsible for the progress of his case . . . ."); Emerson, 296 F.3d at 190.

The Chase companies suffered prejudice due to delays in the case, having had to expend resources to address the delay and Carr's failures in meeting deadlines instead of defending the appeal on the merits. Although Carr offered a medical excuse for some of the delay, the many missed deadlines also evidenced a history of dilatoriness in the District Court action.

Also, as the District Court concluded, there is evidence that Carr's failure to prosecute her case was willful. Although Carr claimed that medical problems impeded her ability to type and restricted her ability to file, her filings of things other than her appellate brief (including the lengthy response to the second motion to dismiss) during the same period in which she claimed infirmity undermined her claim. Also, although she was expressly warned about the consequences of not filing her appellate brief, she filed another motion for an extension of time on the last day of the extended deadline.

The District Court also explicitly considered whether lesser sanctions would be appropriate. Monetary sanctions would not have been an effective alternative against

4

Carr, who was allowed by the Bankruptcy Court to proceed in forma pauperis. See Emerson, 296 F.3d at 191.

The District Court also concluded that Carr's appeal from the Bankruptcy Court's order dismissing the adversary action for lack of subject matter jurisdiction was without merit. That conclusion appears to be correct, but, regardless of whether the appeal could be deemed meritorious, it cannot be said that the District Court abused its discretion in concluding that on balance, dismissal was warranted given the presence of other factors weighing in favor of dismissal in this case. See Curtis T. Bedwell & Sons, Inc. v. Int'l Fid. Ins. Co., 843 F.2d 683, 696 (3d Cir. 1988) (holding that not all Poulis factors must weigh in favor of dismissal).

For these reasons, we will affirm the District Court's decision to dismiss Carr's appeal.